**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DARRELL HUBBARD,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF NEW JERSEY ATTORNEY GENERAL'S OFFICE, et al.,<br><br>Defendants. | **Lead Docket No.**<br>**Civil Action No. 24-08968-MEF-AME**<br><br>**Consolidated with Docket Nos.**<br>**Civil Action No. 24-09956-ES-SDA**<br>**Civil Action No. 25-01066-EP-SDA**<br><br>**ORDER** |
| DARRELL HUBBARD,<br><br>Plaintiff,<br><br>v.<br>CITY OF ELIZABETH (ELIZABETH POLICE DEPARTMENT (EPD)), et al.,<br><br>Defendants. | **Civil Action No. 26-00691-MEF-AME** |
| DARRELL HUBBARD,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ELIZABETH (ELIZABETH POLICE DEPARTMENT (EPD)), et al.,<br><br>Defendants. | **Civil Action No. 26-00694-MEF-AME** |

**THIS MATTER** is before the Court on three separate motions. First, is a motion to consolidate brought by various Defendants across three already consolidated cases filed by pro se Plaintiff Darrell Hubbard ("Plaintiff") against those Defendants and others.[1] The lead docket number of those already consolidated cases is Civil Action No. 24-8968 (the "Already Consolidated Cases"). Those Defendants seek to consolidate with the Already Consolidated Cases two new cases, which those Defendants have removed to federal court. [*See* Civil Action No. 26-691 at D.E. 1 and Civil Action No. 26-694 at D.E. 1]. The motions to consolidate[2] were brought in those recently removed actions (the "Removed Cases"), which were removed on the basis of federal question jurisdiction under 28 U.S.C. § 1331. [*See* Civil Action No. 26-691 at D.E. 1, 4, 6 and Civil Action No. 26-694 at D.E. 1, 4, 6].[3]

**WHEREAS** Plaintiff opposes consolidation of the Removed Cases with the Already Consolidated Cases. Instead, Plaintiff moves to amend the complaint in the Removed Cases, to eliminate all federal claims. [*See* Civil Action No. 26-691 at D.E. 8 and Civil Action No. 26-694

[1] Defendants use the following designations for the Already Consolidated Cases and the Removed Cases in their briefing to the Court [*See* Civil Action No. 26-691 at D.E. 4 and Civil Action No. 26-694 at D.E. 4] designating the lead docket number of the Consolidated Cases, Civil Action No. 24-8968 as "Hubbard I," together with consolidated dockets Civil Action No. 24-9956 as "Hubbard II" and Civil Action No. 25-1066 as "Hubbard III." Defendants erroneously identify Civil Action No. 26-694 as the docket number for both "Hubbard IV" and "Hubbard V."

[2] This Court reviewed Plaintiff's motion to remand in Civil Action No. 26-694 on February 17, 2024, noting that his motion "refers to an amended complaint Plaintiff purports to have filed in state court after Defendants removed this action to this Court" and "[b]ecause this action was removed on the basis of the original complaint, the Court construes Plaintiff's motion to remand as also including a motion to amend his complaint consistent with the changes he attempted to make in state Court." [*See* Civil Action No. 26-694 at D.E. 9]. On the same day, the Court administratively terminated Defendants' motion to consolidate [D.E. 4] in Civil Action No. 26-694 concluding it was "premature until the Court determines if this action will remain in federal court." *Id.* This Order resolves that motion and Defendants' active motion to consolidate in Civil Action No. 26-691 at D.E. 4.

[3] Defendant, City of Elizabeth (Elizabeth Police Department EPD), did not file a formal motion to consolidate but informed this Court of its intention to join and rely upon the State Defendants' briefing on its motion to consolidate. [*See* Civil Action No. 26-691 at D.E. 6 and Civil Action No. 26-694 at D.E. 6].

at D.E. 10]. Plaintiff also seeks remand to state court of those Removed Cases, a request he does not present as a formal motion but, rather, embeds in his motion to amend.[4] *Id.*; and

**WHEREAS,** on May 30, 2025, the Court stayed the Already Consolidated Cases pending resolution of a Writ of Mandamus to the Third Circuit Court of Appeals filed by Plaintiff, which the Third Circuit denied on June 2, 2025. [*See* Civil Action No. 24-8968 at D.E. 155; Court of Appeals Docket No. 25-1666 at D.E. 23]; and

**WHEREAS,** during the pendency of that stay, Plaintiff filed the recently Removed Cases in state court. With Plaintiff's Writ of Mandamus now resolved, the stay of the Already Consolidated Cases is lifted; and

**WHEREAS,** the Court addresses briefly each of the above three motions in turn, beginning with Plaintiff's motion to amend; and

**WHEREAS** Rule 15(a)(2) provides that that the Court "should freely give leave [to amend] when justice so requires." Leave to amend is liberally granted in light of "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a motion to amend may be denied on various equitable grounds, including undue delay, prejudice, or futility of the amended claim. *Id.* Futility is assessed according to "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); and

**WHEREAS** the Third Circuit has held that "prejudice to the non-moving party is the

[4] In both Civil Action No. 26-691 and Civil Action No. 26-694, Plaintiff filed motions to remand on January 22, 2026, the same day the matters were removed to federal court. [*See* Civil Action No. 26-691 at D.E. 2 and Civil Action No. 26-694 at D.E. 2]. In Civil Action No. 26-691, the District Court denied Plaintiff's motion to remand on May 12, 2026 "largely for the reasons stated by the Defendants at [D.E.] 4" in their opposition to the motion but stated "[t]he denial of the [D.E.] 2 motion is without prejudice to such a motion potentially being renewed later, and after the motion at [D.E.] 8 is resolved by the United States Magistrate Judge." [*See* Civil Action No. 26-691 at D.E. 9]. The motion at D.E. 8 is Plaintiff's motion to amend his complaint in Civil Action No. 26-691.

touchstone for the denial of the amendment." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). When evaluating what constitutes prejudice, the Court should consider whether amendment would cause the non-moving party to expend significant additional resources to conduct discovery and prepare for trial or significantly delay resolution of the action. *See, e.g.*, *Careton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001); and

**WHEREAS** the decision to grant or deny leave to amend rests within the discretion of the Court. *See Foman*, 371 U.S. at 182; and

**WHEREAS**, as set forth above, Plaintiff's motion to amend the Removed Cases does not seek to add parties or claims. Instead, it seeks to completely eliminate all federal claims from those complaints. [*See* Civil Action No. 26-691 at D.E. 8 and Civil Action No. 26-694 at D.E. 10]. Plaintiff confirmed that desire on the record during a September 18, 2026 hearing; and

**WHEREAS**, during that September 18 hearing, the appearing Defendants did not object to Plaintiff's motion to amend or identify any reason why the Court should deny the motion despite their non-opposition. Before and after that hearing, no other Defendant has objected to the motion to amend. Instead, the responding Defendants' only position has been that, if the Court grants Plaintiff's motion, it should dismiss with prejudice all federal claims eliminated as part of the proposed amendments, to the extent those claims have not already been asserted in the Consolidated Cases. [*See* Civil Action No. 26-694 at D.E. 11, 12, and 13]; and

**WHEREAS**, in light of the above, the Court concludes, in its discretion, that leave to amend the complaint in the Removed Cases is appropriate and warranted under Rule 15(a)(2); and

**WHEREAS**, because the effect of Plaintiff's proposed amendments is to eliminate all federal claims in the Removed Cases, no basis for subject matter jurisdiction under Section 1331

remains with respect to either. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32-33 (2025) (holding that when an action is removed to federal court and the plaintiff validly "amends [his] complaint to withdraw the federal claims, leaving only state claims behind, [he] divests the federal court of adjudicatory power"). Accordingly, this Court appends to this Order a Report and Recommendation that recommends the Removed Cases be remanded to state court for lack of subject matter jurisdiction; and

**WHEREAS**, consequently, an analysis under Federal Rule of Civil Procedure 42, of the moving Defendants' motions to consolidate is moot and the motions must be denied, at least pending resolution of the below Report and Recommendation; and therefore

**IT IS** on this 30th day of September 2026,

**ORDERED** that Plaintiff's motions to amend his complaint in the Removed Cases [*See* Civil Action No. 26-691 at D.E. 8 and Civil Action No. 26-694 at D.E. 10] are **GRANTED** pursuant to Rule 15(a)(2); and it is further

**ORDERED** that Defendants' motions to consolidate the Removed Cases [*See* Civil Action No. 26-691 at D.E. 4; Civil Action No. 26-694 at D.E. 4] with the Already Consolidated Cases [*See* Civil Action No. 24-08968], is **DENIED** without prejudice pending resolution of the below Report and Recommendation that recommends this action be remanded to state court; and it is further

**ORDERED** that, on or before October 6, 2026, Plaintiff shall file the amended complaint in Civil Action No. 26-691 and Civil Action No. 26-694; and it is further

**ORDERED** that, in view of the foregoing, this Court issues the following Report and Recommendation:

Here, once Plaintiff files the amended complaint in the Removed Cases, only Plaintiff's

claims under state statutory and common law will remain. "[O]nce all federal claims have been dropped from a case, the case simply does not belong in federal court." *New Rock Asset Partners, L.P. v. Preferred Entity Advancements*, 101 F.3d 1492, 1504 (3d Cir. 1996); *see also Royal Canin U. S. A., Inc.*, 604 U.S. at 32-33 (holding that when an action is removed to federal court and the plaintiff validly "amends [his] complaint to withdraw the federal claims, leaving only state claims behind, [he] divests the federal court of adjudicatory power"). In this Court's view, because nothing in Plaintiff's amended complaint as to the Removed Cases falls within the federal court's original jurisdiction, the continuing exercise of supplemental jurisdiction over Plaintiff's state law claims is not appropriate. *Id.* at 34. Therefore, this Court respectfully recommends the District Court remand Civil Action No. 26-691 and Civil Action No. 26-694 to the state court.

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), the parties may file and serve objections to this Report and Recommendation within fourteen days of the filing of this Order and Report and Recommendation.

The Clerk of Court is directed to terminate the motions at Civil Action No. 26-691 at D.E. 4, 8 and Civil Action No. 26-694 at D.E. 10 and activate this Report and Recommendation for the District Court's Review.

/s/ *André M Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge